# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| DAYNA M. BROOKS,<br><br>               Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>               Defendant. | 2:17-cv-00631-VCF<br><br>**<u>ORDER</u>**<br><br>MOTION FOR REVERSAL AND/OR REMAND [ECF No. 21], CROSS-MOTION TO AFFIRM [ECF No. 22] |

This matter involves Plaintiff Dayna Brooks' appeal from the Commissioner's final decision denying Brooks' social security benefits. Before the Court is Brooks' Motion for Reversal and/or Remand (ECF No. 21) and the Commissioner's Cross-Motion to Affirm (ECF No. 22). For the reasons stated below, the Brooks' motion to reverse or remand is granted and the Commissioner's motion to affirm is denied.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for

1

that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))).  The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence is defined as "more than a mere scintilla" of evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion."  *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  This means that the Commissioner's decision will be upheld if it has any support in the record.  *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520.  The ALJ concluded Brooks did not engage in substantial gainful activity during the relevant timeframe.  (ECF No. 14-1 at 17).  The ALJ found Brooks suffered from medically determinable severe impairments consisting of a history of Lyme disease, cardiomyopathy, chronic pain syndrome, a history of joint pain, degenerative disk disease, mild degenerative changes of the cervical spine, and adjustment disorder with depressed mood/depression, but the impairments did not meet or equal any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.* at 18-19).  The ALJ concluded Brooks' residual functional capacity, in additional to physical limitations, "is limited to understanding, remembering and carrying out instructions, and exercising judgment, to perform work

tasks that are commensurate with the functions of the unskilled occupational base." (*Id.* at 20). A vocational expert testified that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 26). The ALJ found that Brooks was not under a disability as defined in the Social Security Act. (*Id.* at 27).

Brooks challenges this finding. Brooks argues the ALJ rejected the findings of Dr. Larson without a legally sufficient rationale. (ECF No. 21 at 4). The Commissioner argues the ALJ actually accepted Dr. Larson's findings and incorporated them into Brooks' residual functional capacity. (ECF No. 22 at 3).

## I.    Dr. Larson's Findings

Dr. Larson performed a consultative psychological examination on Brooks. (ECF No. 14-1 at 24). Dr. Larson found that Brooks' "[d]iminshed pace along with multiple physical concerns would still restrict her capacity to consistently maintain tasks even" at the basic level of simple one- or two-step instructions. (*Id.* at 821). Dr. Larson opined that Brooks had moderate limitations in her ability to understand, remember, and carry out simple instructions and to make judgments on simple work-related decisions. (*Id.* at 824). A moderate limitation was defined as follows: "There is more than a slight limitation in this area but the individual is still able to function satisfactorily." (*Id.*). A marked limitation, one step above moderate, was defined as follows: "There is a serious limitation in this area. There is a substantial loss in the ability to effectively function." (*Id.*). Asked in a section of her report, "Are any other capabilities affected by the impairment?" Dr. Larson responded, "Slow cognitive processing and diminished pace would impact the claimant's ability to sustain work functions." (*Id.* at 825).

## II.    ALJ's Findings

In evaluating Brooks' residual functional capacity, the ALJ stated, "Giving the claimant the benefit of the doubt, and based on her…somewhat slow cognitive processing pace, I have limited her to…perform

3

work tasks that are commensurate with the functions of the unskilled occupational based." (ECF No. 14-1 at 24). The ALJ noted Dr. Larson's opinion that Brooks had "only moderate impairments in regards to simple instructions." (*Id.* at 25). The ALJ afforded Dr. Larson's opinion "some weight, to the extent it is consistent with the claimant's residual functional capacity." (*Id.*). "While Dr. Larson did note that the claimant exhibited slow pace and some confusion during the examination (Exhibit 24F), mental status examination was otherwise, not particularly remarkable. Documented complaints were limited, and the claimant received no mental health treatment." (*Id.*). In the hypothetical to the Vocational Expert, the ALJ limited Brooks to "work tasks that are commensurate with the functions of the unskilled occupational base" with no further limitations on Brooks' pace or ability to carry out instructions. (*Id.* at 89).

By not providing the vocational expert with any specific limitations on Brooks' ability to perform unskilled work, the ALJ essentially concluded that Brooks was not substantially limited in her ability to consistently carry out simple instructions. "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to: understand, carry out, and remember simple instructions." Social Security Program Operations Manual System DI 25020.010(A)(3)(a). "A substantial loss of ability to meet any of the basic mental demands…would justify a finding of inability to perform other work even for persons with favorable age, education and work experience." Social Security Program Operations Manual System DI 25020.010(A)(3)(b).

Brooks argues the "ALJ does not cite to any evidentiary basis to support his rejection of Dr. Larson's medical opinion with respect to Brooks' diminished pace to consistently maintain task at the basis level of simple instructions." (ECF No. 21 at 7). The Commissioner argues that the "ALJ essentially included these limitations in his residual functional capacity assessment" by limiting Brooks to unskilled work. (ECF No. 22 at 4-5).

To determine whether the ALJ's conclusion contradicts Dr. Larson's findings, the Court must determine whether a "moderate" limitation and other conditions constitute a "substantial loss" in Brooks' ability to carry out simple instructions on a sustained basis. The Court finds a moderate limitation in Brooks' ability, by itself, would not constitute a substantial loss in her ability to carry out simple instructions. A moderate limitation was defined in Dr. Larson's report to indicate that Brooks could "functions satisfactorily." (ECF No. 14-1 at 824). However, in addition to noting this moderate limitation, Dr. Larson stated, "Slow cognitive processing and diminished pace would impact the claimant's ability to <u>sustain</u> work functions." (*Id.* at 825, emphasis added). Therefore, Dr. Larson's opinion indicates that there is a substantial loss in Brook's ability to carry out simple instructions <u>on a sustained basis</u>.

The Court finds that the ALJ's decision contradicts Dr. Larson's opinion. However, the ALJ does not explain this contradiction. The ALJ's decision merely states he afforded Dr. Larson's opinion "some weight," and notes that Brooks' "[d]ocumented complaints were limited, and the claimant receives no mental health treatment." (ECF No. 14-1 at 25).

"[T]he Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (quoting *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1037 (9th Cir. 1995). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Because the ALJ failed to follow the proper steps in evaluating Dr. Larson's opinion, the matter must be remanded. The ALJ must either (1) give specific and legitimate reasons for discounting the treating physician's opinion, supported by substantial evidence or (2) present a new hypothetical to a vocational expert taking the limitations noted by Dr. Larson into account.

ACCORDINGLY,

IT IS ORDERED that Brooks' Motion for Reversal and/or Remand (ECF No. 21) be GRANTED.

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 22) be DENIED.

IT IS FURTHER ORDERED that the matter be remanded for further proceedings consistent with the Order.

DATED this 12th day of January, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE